Eastern District of Kentucky
FILED

JUL 0 3 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-28 JMH

UNITED STATES OF AMERICA            PLAINTIFF

VS.        JUDGMENT AND ORDER OF SALE

LINDA MOORE, ET AL,            DEFENDANTS
RUSSELL MOORE,
DONNA THACKER,
MARK THACKER,
CAROL DIEGER,
MATTHEW DIEGER,
TAMMY OGANS,
JOHNNY OGANS,
UKNOWN HEIRS AND SPOUSES
OF HEIRS OF DIANE C. ROSE, DECEASED,
COMMONWEALTH OF KENTUCKY

\* \* \* \* \* \* \*

This matter having come before the Court upon the plaintiff's Motion for Judgment by Default and Order of Sale Against All Defendants, and the Court having considered the Motion and its record herein, and being otherwise sufficiently advised; it is

ORDERED, ADJUDGED and DECREED herein as follows:

1. That the plaintiff's said Motion should be and the same hereby is GRANTED.

2. That the plaintiff, the United States of America, be and it is hereby granted an <u>In Rem</u> JUDGMENT against the interests of the defendants, Linda Moore, Donna Thacker, Carol Dieger, Tammy

1

Ogans, and the Unknown Heirs and Spouses of Heirs of Diane C. Rose, deceased, in the real property which is the subject of this action, in the sum of $33,076.00, principal, plus an interest credit subsidy granted in the amount of $1,458.24, plus interest in the amount of $2,487.24 as of June 14, 2007, and interest thereafter on the principal at $5.3811 per day from June 14, 2007, until the date of entry of this Judgment, plus interest on the Judgment amount (principal plus interest to the date of entry of this Judgment plus the interest credit subsidy granted) at the legal rate of interest in effect as of the date of this Judgment, computed daily and compounded annually, until paid in full, and for the costs of this action.

3. That the plaintiff be and is hereby granted an In Rem JUDGMENT against the defendant, Russell Moore, to the effect that the plaintiff's first mortgage lien on the subject property is prior in rank and superior in priority to any interest in the property in favor of said defendant by virtue of his status as the spouse of Linda Moore; that said defendant is forever barred from asserting a claim against the subject property; and that the foreclosure sale of the property, as ordered herein, shall be free and clear of any interest therein or claim thereon in favor of the defendant, Russell Moore.

4. That the plaintiff be and is hereby granted an In Rem JUDGMENT against the defendant, Mark Thacker, to the effect that


the plaintiff's first mortgage lien on the subject property is prior in rank and superior in priority to any interest in the property in favor of said defendant by virtue of his status as the spouse of Donna Thacker; that said defendant is forever barred from asserting a claim against the subject property; and that the foreclosure sale of the property, as ordered herein, shall be free and clear of any interest therein or claim thereon in favor of the defendant, Mark Thacker.

5. That the plaintiff be and is hereby granted an In Rem JUDGMENT against the defendant, Matthew Dieger, to the effect that the plaintiff's first mortgage lien on the subject property is prior in rank and superior in priority to any interest in the property in favor of said defendant by virtue of his status as the spouse of Carol Dieger; that said defendant is forever barred from asserting a claim against the subject property; and that the foreclosure sale of the property, as ordered herein, shall be free and clear of any interest therein or claim thereon in favor of the defendant, Matthew Dieger.

6. That the plaintiff be and is hereby granted an In Rem JUDGMENT against the defendant, Johnny Ogans, to the effect that the plaintiff's first mortgage lien on the subject property is prior in rank and superior in priority to any interest in the property in favor of said defendant by virtue of his status as the spouse of Tammy Ogans; that said defendant is forever barred

from asserting a claim against the subject property; and that the foreclosure sale of the property, as ordered herein, shall be free and clear of any interest therein or claim thereon in favor of the defendant, Johnny Ogans.

7. That the plaintiff is granted an <u>In Rem</u> JUDGMENT against the defendant, Commonwealth of Kentucky, to the effect that the plaintiff's first mortgage lien on the subject property is prior and superior to any lien or claim on the property in favor of said defendant by virtue of a possible lien for the payment of inheritance taxes on behalf of the said Diane C. Rose, deceased. The foreclosure sale of the subject property shall be free and clear of any lien thereon or interest therein in favor of the Commonwealth of Kentucky, and said defendant is hereby forever barred from asserting a claim against the property by virtue of a possible lien for the payment of inheritance taxes on behalf of the said Diane C. Rose, deceased.

8. That federal liens attach to the real property which is the subject of this action, the same being located in Estill County, Kentucky, and more particularly described as follows (hereinafter referred to as the "Property"):

> A certain tract or parcel of land located on Broadway Street in Irvine, Estill County, Kentucky, and being further described as follows:
>
> Beginning at a 1/2" rebar iron pin with cap stamped "FBA 3088" in the east line of Turner Avenue, a corner to Delmus G.

4

Gross (Deed Book 144, Page 312); thence leaving the east line of Turner Avenue with the line of Gross, Jack and Elizabeth Hamilton (Deed Book 83, Page 22), and Charles T. and Barbara K. Williams (Deed Book 150, Page 225) N 52° 39' 31" E, 150.50 feet to a 1/2" rebar iron pin with cap stamped "FBA 3088", a corner to Lot No. 1; thence with the line of Lot No. 1 S 34° 21' 42" W, 49.86 feet to a 1/2" rebar iron pin with cap stamped "FBA 3088", a corner to Lot No. 1, Lot No. 2, and Lot No. 4; thence with the line of Lot No. 4 S 52° 39' 31" W, 150.24 feet to a 1/2" rebar iron pin with cap stamped "FBA 3088" in the east line of Turner Avenue; thence with the east line of Turner Avenue N 34° 39' 32" W, 49.85 feet to the point of beginning. Contains 0.17 acres.

The above description is based on a survey of the division of the property of Kentucky River Foothills, acquired from Danny Click, performed under the direction of Blake Adams, PLS #3088, 438 Washington Street, Stanton, Kentucky. The method of survey was random traverse with sideshots. The unadjusted precision ration of the traverse was 1:48,925 and was not adjusted. This survey is a class "A" survey.

A 10 foot utility easement along with the right of ingress and egress is reserved by the Grantor for the use of Grantor, their agents, assigns, and/or successors in title, for the use in installing and maintaining utilities to and through the property.

Being the same property conveyed from Kentucky River Foothills Development Council, Inc., a Ky. Corp., to Diane C. Rose, single, by Deed dated May 26, 2004, recorded in Deed Book 254, Page 794, in the Estill County Clerk's

5

Office.

The said Diane C. Rose died intestate a resident of Estill County, Kentucky, on February 25, 2006, whereupon all right, title and interest in and to the above-described property vested in her heirs-at-law, Donna Thacker, daughter, Linda Moore, daughter, Carol Dieger, daughter, Tammy Ogans, daughter, and the Unknown Heirs and Spouses of Heirs of Diane C. Rose, deceased.

9. That the federal liens attaching to the Property shall be foreclosed and the Property sold at auction, pursuant to Title 28, United States Code, Sections 2001 and 2002, in the manner hereinafter set forth; and that the Property shall be sold free and clear of all liens, claims, and rights of redemption of all the parties to this action, except for restrictions and easements of record, zoning laws affecting the Property, municipal utility and/or maintenance liens, and any city, county, state or school ad valorem taxes which may be due and payable or assessed against the Property at the time of the sale. Payment of such property taxes and municipal utility or maintenance charges shall be the responsibility of the purchaser of the Property at the foreclosure sale.

10. That in accordance with the foregoing paragraph the following liens, to the extent they affect the Property, shall be deemed to be released upon entry herein of the Court's order

confirming the foreclosure sale of the Property as more fully set forth below:  Mortgage in favor of Rural Development, formerly known as the Farmers Home Administration and the Rural and Economic Community Development Service, recorded on May 27, 2004, in Mortgage Book G7, Page 575, in the Office of the Clerk of Estill County, Kentucky

11.  That the United States Department of Agriculture, Rural Development, be and it hereby is authorized and directed to offer the Property for sale at public auction.  The sale shall be conducted within Estill County, Kentucky.  Rural Development shall advertise the sale by causing a notice of the sale, containing the time and place of the sale, a description of the Property, and the terms of the sale, to be published no less than once a week for four consecutive weeks prior to the sale in a daily newspaper of general circulation in Estill County.  Rural Development shall pay the expenses of such advertising, and shall be reimbursed upon distribution of the sale proceeds.  Prior to the sale, Rural Development shall have the Property appraised by a certified/licensed appraiser who shall be duly sworn by law before entering upon such duties.  Rural Development shall pay the customary fee for the appraisal, and shall be reimbursed upon distribution of the sale proceeds.  Neither the appraiser nor anyone acting on his or her behalf may make a bid to purchase the Property.  Should the purchase price for the Property be less

than two-thirds of its appraised value, the United States Marshal's deed conveying the Property to the purchaser shall contain a lien in favor of the defendants herein who are the record, chain-of-title owners of the Property reflecting their right to redeem the Property during the period for such redemption provided by law. Upon the sale of the Property, the successful bidder may pay to the United States Marshal for the Eastern District of Kentucky the purchase price in cash or upon a credit of 60 days. At the sale, no bid (except as to Rural Development and the other secured parties to this action who may credit bid against their judgments herein) shall be accepted unless the same is accompanied by an immediate cash deposit of at least 10% of the amount of the purchase price. The successful bidder(s) shall execute a sales bond with good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or a bank letter of credit may be reasonably waived by the attorney for the United States. The successful bidder(s) must tender the balance of the purchase price to the Lexington office of the United States Marshal within 60 days following the date of the sale. Upon a default by the purchaser(s), the purchaser's initial deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as a part of the proceeds of sale; whereupon the Property shall again be offered for sale in

compliance with this Judgment.

12. That the sale of the Property shall be subject to confirmation by this Court. As soon as practicable following the sale, Rural Development shall cause to be filed of record herein a Report of Sale. The Report of Sale shall set forth the time and place of the sale, the appraised value of the Property, the purchase price, the identity and addresses of the purchasers, a statement of how the purchasers wish to take title to the Property, and the advertising, appraisal and other expenses of the sale incurred by Rural Development. The Report of Sale shall lay over for objections and exceptions for ten days after the filing of the Report. After the Report has laid over for ten days, the United States shall forthwith file a motion herein for confirmation of the sale and for entry of an order directing the United States Marshal to execute a deed of conveyance of the Property to the purchaser. The United States Attorney shall prepare the Marshal's deed. The United States Marshal is not required to generally warrant title to the Property, and in no event shall the Marshal be personally obligated in any manner whatsoever. The Marshal shall tender the deed to the Court for approval and endorsement. The Marshal shall not deliver or cause delivery of the deed to the purchaser of the Property until such time as the sale has been confirmed by the Court, the deed has been examined and approved by the Court, and the purchase price

has been paid in full to the Marshal. Following confirmation of the sale, payment in full of the purchase price, and delivery of the deed, the United States shall forthwith file of record herein a motion for distribution of the sale proceeds and to have this action stricken from the Court's active docket.

13. That the proceeds of the sale of the Property shall be subjected first to the payment of the costs of this action and the sale, then toward satisfaction of the United States' Judgment against the defendants, Linda Moore, Donna Thacker, Carol Dieger, Tammy Ogans, and the Unknown Heirs and Spouses of Heirs of Diane C. Rose, deceased, and thereafter as this Court shall direct.

14. That in order to conduct the foreclosure sale of the Property, the United States shall have possession of the Property. Any persons now possessing or occupying the Property shall make the same available for inspection upon reasonable notice by the United States, and all such persons now possessing or occupying the Property shall completely move out of the Property not later than 30 days from the date of entry of this Judgment. Should any such person fail to move out of the Property in compliance with this Judgment, the United States shall, upon motion, be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Property. Upon request of Rural Development or the attorney for the United States, the United States Marshal for the Eastern

District of Kentucky is hereby authorized and directed to perform any and all acts which may be reasonably required to protect the Property and to maintain the peace at the sale of the Property or at the eviction of persons who fail to comply with this Judgment.

15. That this action is now continued for confirmation of the sale of the Property, distribution of the sale proceeds, and for such further orders and judgments as may be necessary.

Date: July 3, 2007

Joseph M. Hood
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

DISTRIBUTION:

ECF Notification to United States Attorney

copy to United States Marshal

copy to Defendants